**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CV-21530-RAR**

**GUADALUPE SUAZO DE ORDONEZ**
and all similarly situated individuals,

      Plaintiff,

v.

**MINT CENTER LLC**, d/b/a
MINT WELLNESS CENTER MIAMI,
A Florida Limited Liability Company and
**MINT DESIGN LLC**, A Florida Limited
Liability Company

      Defendants.

_____/

# <u>AMENDED COMPLAINT</u>

    **COMES NOW** Plaintiff, **GUADALUPE SUAZO DE ORDONEZ**, and all similarly situated individuals, hereby file this Amended Complaint against Defendants, **MINT CENTER LLC** and **MINT DESIGN LLC,** and states as follows:

## <u>INTRODUCTION</u>

1.  GUADALUPE SUAZO DE ORDONEZ and all similarly situated individuals bring this action under the Fair labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act") to recover unpaid back wages including, but not limited to, overtime pay, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2.  Defendants, MINT CENTER LLC and MINT DESIGN LLC, are Florida Limited Liability Companies licensed and registered to do business in the State of Florida and operating in Miami-Dade County, Florida.

3. Plaintiff, GUADALUPE SUAZO DE ORDONEZ, is a resident of Miami-Dade County, Florida, over 18 years of age, and is *sui juris* in all respects.

4. All conditions precedent to filing this action have been satisfied or waived.

## JURISDICTION AND VENUE

5. Jurisdiction over this action is conferred upon the Court by Section 16(b) of the Act, 29 U.S.C. § 216 (b).

6. All acts or omissions giving rise to this dispute took place within the territorial jurisdiction of the Southern District of Florida in and for Miami-Dade County, Florida.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b), because: a) the Employers conducted business in this District within the meaning of 28 U.S.C. § 1391 (c); and b) this is the District in which a substantial part of the events and/or omission giving rise to the plaintiffs' claims occurred.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

8. Plaintiffs hereby incorporate the preceding paragraphs one (1) through seven (7) above.

9. GUADALUPE SUAZO DE ORDONEZ was an employee of Defendants, MINT CENTER LLC and MINT DESIGN LLC, from approximately April of 2020 through November of 2022 as an esthetician.

10. Plaintiff was not an exempt employee pursuant to the overtime provisions of the Act during her employment with the Defendants.

11. At all material times Defendants, MINT CENTER LLC and MINT DESIGN LLC, were Plaintiff's employers who were non-exempt from the overtime provisions of the Act.

12. At all material times Plaintiff was engaged in commerce within the meaning of Section 3(b), 6(a) and 7(a) of the Act (29 U.S.C. § 203 (b), 206(a), 207(a)).

13. At all material times Defendants, MINT CENTER LLC and MINT DESIGN LLC, were engaged in commerce within the meaning of Section 3(b), 6(a) and 7(a) of the Act (29 U.S.C. § 203 (b), 206(a), 207(a)) and had an annual gross volume of $500,000 in sales for the relevant time period.

14. Plaintiff, GUADALUPE SUAZO DE ORDONEZ, and all similarly situated employees often worked more than forty (40) hours per week.

15. Plaintiff, GUADALUPE SUAZO DE ORDONEZ, regular rate of pay was $10.00 per hour for each hour worked.

16. However, Defendants refused to compensate Plaintiff and the other similarly situated employees for work in excess of forty (40) hours at rates no less than one and one-half time the regular rates at which they were employed, contrary to the provisions of Section 7(a) of the Act (29 U.S.C. § 207(a)).

17. From April of 2020 through November of 2022 Plaintiff, GUADALUPE SUAZO DE ORDONEZ, worked approximately 805 hours of overtime for which she was either not fully compensated or not compensated at all. Plaintiff GUADALUPE SUAZO DE ORDONEZ  is owed approximately $4,025.00 in back overtime pay plus an equal amount as liquidated damages totaling $8,050.00.

18. Defendants willfully and intentionally refused to pay Plaintiff and the other similarly situated employees overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act.

19. By reason of Defendant's refusal to pay the unpaid overtime due to Plaintiff, it has been necessary for Plaintiff to hire the undersigned Attorneys to prosecute this case and is entitled

to an award of her reasonable attorney's fees and costs. The FLSA mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

20. As a result of the underpayment of wages alleged above, Defendants are indebted to the Plaintiff in the amount of the unpaid overtime compensation.  Plaintiff proposes to obtain the necessary records and information to determine the amount of underpayment to Plaintiff by appropriate discovery proceeding to be promptly taken in this cause.

   **WHEREFORE**, Plaintiff and the other similarly situated employees demand judgment for back pay, including overtime pay, pre-judgment interest, liquidated damages, reasonable attorney's fees and costs and any other relief deemed appropriate.


### JURY DEMAND

   Plaintiff hereby demands a trial by Jury for all issues so triable.

   Respectfully submitted on this 4th day of May, 2023

By:/s/ Brian Yosef_____
Brian Yosef, Esq.
Florida Bar No. 31179
ISRIEL PONZOLI, P.A.
2121 SW 3rd Avenue, 7th Floor
Miami, Florida 33129
Telephone: (305) 577-4800
Facsimile:  (305) 577-4808
Email: byosef@ips-law.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 4th day of May, 2023 a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of Court which sent e-mail notification of such filing to all CM/ECF participants in this case, and a copy was forwarded via e-mail to:

> RICHARD J. DIAZ, P.A.
> 3127 Ponce de Leon Blvd.
> Coral Gables, FL 33134
> Tel.: (305) 444-7181
> Email: rick@rjdpa.com
> Attorney for Defendants

> By:/s/ Brian Yosef_____
> Brian Yosef, Esq.
> Florida Bar No. 31179