UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 23-cv-21530-RAR (consolidated)

GUADALUPE SUAZO DE ORDONEZ,
And all similarly situated individuals,

    Plaintiff,

vs.

MINT CENTER LLC, d/b/a
MINT WELLNESS CENTER MIAMI, and
MINT DESIGN, LLC

    Defendants.

_____

### DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM

Defendants, MINT CENTER LLC d/b/a MINT WELLNESS CENTER MIAMI, and MINT DESIGN, LLC (collectively "Mint") file their Answer and Affirmative Defenses and state as follows:

### RESPONSE

I. NATURE OF THE WAGES OWED

    1) Claim: Plaintiff seeks to recover unpaid overtime wages from the Defendants pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. – **Admitted as to federal jurisdiction; denied that any overtime wages are owed.**

II. APPROXIMATE PERIOD DURING WHICH THE ALLEGED FLSA VIOLATIONS OCCURRED

    1) Claim: From April of 2020 through November of 2022 Plaintiff, GUADALUPE SUAZO DE ORDONEZ, worked overtime for which she was either not fully compensated or not compensated at all. – **Response: Denied. On March 18, 2020, Mint was forced to close operations by order of the**

City of Coral Gables, as a result of the Covid-19 pandemic. The spa services were not considered necessary businesses. The City of Coral Gables conducted surveillance patrol along Coral Way – where Mint was located at the time - to identify any and all businesses violating the City's orders. If Mint were to have remained open during this time period, the City would have cited Mint. The City order was lifted three months later - around June 20, 2020.

The Plaintiff first came to Mint as a customer on January 3, 2020. She was <u>not</u> an employee.  Plaintiff's last appointment as a customer was on March 16, 2020 before the closure due to the pandemic. Thereafter, once Mint operations resumed, Plaintiff's next appointment as a customer was on June 25, 2020.  Plaintiff remained a customer of Mint until April 2021.

In April 2021, Plaintiff was hired by Mint as a part-time trainee because she was going to school at the time to be a licensed Esthetician. Plaintiff's student records will show that she attended classes Mondays through Fridays during the day.  Plaintiff worked at Mint on Saturdays and Sundays only.

In or about September 2, 2022, Plaintiff finally obtained her license, but continued at Mint with her weekend only schedule where she would work from 6 to 10 hours per day, depending on the amount of clients.

Not long after, in or about the Fall 2022, Plaintiff requested to change her weekend work schedule to work only on Thursday afternoons - after class – and Saturdays, because Plaintiff wanted Sundays off.

Plaintiff's last day of employment was on or about November 30, 2022.

A forensic analysis by the Defendants has revealed that Plaintiff (and others) manipulated Mint's payroll/hours account system by using

**other employee passwords to "clock in" and leave, and then return later and clock out; however, Mint's client database system shows no customer being treated during such times. Plaintiff cannot claim this was "waiting time" because waiting time is 100% billed.**

III. AN INITIAL ESTIMATE OF THE TOTAL AMOUNT OF ALLEGED UNPAID WAGES

1) Claim: Plaintiff GUADALUPE SUAZO DE ORDONEZ is owed approximately $4,025.00 in back overtime pay plus an equal amount as liquidated damages totaling $8,050.00. **– Denied**

IV. A PRELIMINARY CALCULATION OF SUCH WAGES;

1) Claim: From April of 2020 through November of 2022 Plaintiff, GUADALUPE SUAZO DE ORDONEZ, worked approximately 805 hours of overtime for which she was either not fully compensated or not compensated at all. **Response: - Denied**
2) Plaintiff GUADALUPE SUAZO DE ORDONEZ regular rate of pay was $10.00 per hour for each hour worked, therefore an additional $5 per hour is owed for each hour of overtime worked. **Response: – Denied**
3) Plaintiff GUADALUPE SUAZO DE ORDONEZ is owed approximately $4,025.00 (Calculated at $5 x 805 = $4,025.00) in back overtime pay plus an equal amount as liquidated damages totaling $8,050.00. **Response: – Denied**

**AFFIRMATIVE DEFENSES AS TO PLAINTIFF'S STATEMENT OF CLAIM**

As and for their First Affirmative Defense, MINT asserts that Plaintiff is not a covered employee according to the Fair Labor Standards Act.

As and for their Second Affirmative Defense, MINT states that the Plaintiff did not work more that forty (40) hours a week during the relevant time period and is, therefore, not entitled to premium wage(s).

As and for their Third Affirmative Defense, MINT states that the Defendants' businesses did not affect interstate commerce to the level required under the FLSA for there to be FLSA coverage (individual or enterprise).

As and for their Fourth Affirmative Defense, MINT states that Plaintiff was an exempt employee and was therefore not entitled to overtime wages.

As and for their Fifth Affirmative Defense, MINT states that Mint Design LLC is and never was Plaintiff's "employer" or the "employer" of any of the individuals Plaintiff seeks to represent.

As for their Sixth Affirmative Defense, Defendants' state that if Plaintiff is entitled to premium overtime wages, she is only entitled to half-time wages.

As for their Seventh Affirmative Defense, Defendants' state Plaintiff was a tipped employee and Defendants were entitled to pay her a sub-minimum/overtime wage.

WHEREFORE, MINT has filed its Affirmative Defenses.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was electronically filed with the Florida Eportal filing system and served by email to Bryan Yosef, Esq. counsel for Plaintiff this 18 day of May, 2023.

> RICHARD J. DIAZ, P.A.
> 3127 Ponce de Leon Blvd.
> Coral Gables, FL  33134
> Tel.: (305) 444-7181
> Email: rick@rjdpa.com
>
> By: s/ Richard Diaz
> _____
> Richard J. Diaz, Esquire
> FBN 0767697