UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-21530-RAR

**GUADALUPE SUAZO DE ORDONEZ**
**JOSSELIN PAOLA BANEGAS BARDALES,**
**MILDRED MARISOL BARDALES OCHOA,**
**JEIMY PAOLA ESPINOZA,**
**ANA MARIA PENAGOS,**
and all similarly situated individuals,

     Plaintiff,

v.

**MINT CENTER LLC**, d/b/a
MINT WELLNESS CENTER MIAMI,
A Florida Limited Liability Company and
**MINT DESIGN LLC**, A Florida Limited
Liability Company

     Defendants.
_____/

# SECOND AMENDED COMPLAINT

     **COMES NOW** Plaintiffs, **GUADALUPE SUAZO DE ORDONEZ, JOSSELIN PAOLA BANEGAS BARDALES, MILDRED MARISOL BARDALES OCHOA, JEIMY PAOLA ESPINOZA**, **ANA MARIA PENAGOS**, and all similarly situated individuals, hereby file this Second Amended Complaint against Defendants, **MINT CENTER LLC** and **MINT DESIGN LLC,** and states as follows:

## INTRODUCTION

1. Plaintiffs and all similarly situated individuals bring this action under the Fair labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act") to recover unpaid back wages including, but not limited to, overtime pay, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. Defendants, MINT CENTER LLC and MINT DESIGN LLC, are Florida Limited Liability Companies licensed and registered to do business in the State of Florida and operating in Miami-Dade County, Florida.

3. Plaintiffs are residents of Miami-Dade County, Florida, over 18 years of age, and are *sui juris* in all respects.

4. All conditions precedent to filing this action have been satisfied or waived.

## JURISDICTION AND VENUE

5. Jurisdiction over this action is conferred upon the Court by Section 16(b) of the Act, 29 U.S.C. § 216 (b).

6. All acts or omissions giving rise to this dispute took place within the territorial jurisdiction of the Southern District of Florida in and for Miami-Dade County, Florida.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b), because: a) the Employers conducted business in this District within the meaning of 28 U.S.C. § 1391 (c); and b) this is the District in which a substantial part of the events and/or omission giving rise to the plaintiffs' claims occurred.

## COUNT I - VIOLATION OF THE FAIR LABOR STANDARDS ACT BY GUADALUPE SUAZO DE ORDONEZ

8. Plaintiff hereby incorporates the preceding paragraphs one (1) through seven (7) above.

9. GUADALUPE SUAZO DE ORDONEZ was an employee of Defendants, MINT CENTER LLC and MINT DESIGN LLC, from approximately April of 2020 through November of 2022 as an esthetician.

10. Plaintiff was not an exempt employee pursuant to the overtime provisions of the Act during her employment with the Defendants.

11. At all material times Defendants, MINT CENTER LLC and MINT DESIGN LLC, were Plaintiff's employers who were non-exempt from the overtime provisions of the Act.

12. At all material times Plaintiff was engaged in commerce within the meaning of Section 3(b), 6(a) and 7(a) of the Act (29 U.S.C. § 203 (b), 206(a), 207(a)).

13. At all material times Defendants, MINT CENTER LLC and MINT DESIGN LLC, were engaged in commerce within the meaning of Section 3(b), 6(a) and 7(a) of the Act (29 U.S.C. § 203 (b), 206(a), 207(a)) and had an annual gross volume of $500,000 in sales for the relevant time period.

14. Plaintiff, GUADALUPE SUAZO DE ORDONEZ, and all similarly situated employees often worked more than forty (40) hours per week.

15. Plaintiff, GUADALUPE SUAZO DE ORDONEZ, regular rate of pay was $10.00 per hour for each hour worked.

16. However, Defendants refused to compensate Plaintiff and the other similarly situated employees for work in excess of forty (40) hours at rates no less than one and one-half time the regular rates at which they were employed, contrary to the provisions of Section 7(a) of the Act (29 U.S.C. § 207(a)).

17. From April of 2020 through November of 2022 Plaintiff, GUADALUPE SUAZO DE ORDONEZ, worked approximately 805 hours of overtime for which she was either not fully compensated or not compensated at all. Plaintiff GUADALUPE SUAZO DE ORDONEZ is owed approximately $4,025.00 in back overtime pay plus an equal amount as liquidated damages totaling $8,050.00.

18. Defendants willfully and intentionally refused to pay Plaintiff and the other similarly situated employees overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to

investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act.

19. By reason of Defendant's refusal to pay the unpaid overtime due to Plaintiff, it has been necessary for Plaintiff to hire the undersigned Attorneys to prosecute this case and is entitled to an award of her reasonable attorney's fees and costs. The FLSA mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

20. As a result of the underpayment of wages alleged above, Defendants are indebted to the Plaintiff in the amount of the unpaid overtime compensation plus and an equal amount in liquidated damages. Plaintiff proposes to obtain the necessary records and information to determine the amount of underpayment to Plaintiff by appropriate discovery proceeding to be promptly taken in this cause.

**WHEREFORE**, Plaintiff and the other similarly situated employees demand judgment for back pay, including overtime pay, pre-judgment interest, liquidated damages, reasonable attorney's fees and costs and any other relief deemed appropriate.

### COUNT II -VIOLATION OF THE FAIR LABOR STANDARDS ACT BY JOSSELIN PAOLA BANEGAS BARDALES

21. Plaintiff hereby incorporates the preceding paragraphs one (1) through seven (7) above.

22. JOSSELIN PAOLA BANEGAS BARDALES was an employee of Defendants, MINT CENTER LLC and MINT DESIGN LLC, from approximately March of 2022 through January of 2023 as an esthetician.

23. Plaintiff was not an exempt employee pursuant to the overtime provisions of the Act during her employment with the Defendants.

24. At all material times Defendants, MINT CENTER LLC and MINT DESIGN LLC, were Plaintiff's employers who were non-exempt from the overtime provisions of the Act.

25. At all material times Plaintiff was engaged in commerce within the meaning of Section 3(b), 6(a) and 7(a) of the Act (29 U.S.C. § 203 (b), 206(a), 207(a)).

26. At all material times Defendants, MINT CENTER LLC and MINT DESIGN LLC, were engaged in commerce within the meaning of Section 3(b), 6(a) and 7(a) of the Act (29 U.S.C. § 203 (b), 206(a), 207(a)) and had an annual gross volume of $500,000 in sales for the relevant time period.

27. Plaintiff, JOSSELIN PAOLA BANEGAS BARDALES, and all similarly situated employees often worked more than forty (40) hours per week.

28. However, Defendants refused to compensate Plaintiff and the other similarly situated employees for work in excess of forty (40) hours at rates no less than one and one-half time the regular rates at which they were employed, contrary to the provisions of Section 7(a) of the Act (29 U.S.C. § 207(a)).

29. From March of 2022 through January of 2023 Plaintiff, JOSSELIN PAOLA BANEGAS BARDALES, worked approximately 880 hours of overtime for which she was either not fully compensated or not compensated at all. Plaintiff JOSSELIN PAOLA BANEGAS BARDALES is owed approximately $4,400 in back overtime pay plus an equal amount as liquidated damages totaling $8,800.00.

30. Defendants willfully and intentionally refused to pay Plaintiff and the other similarly situated employees overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act.

31. By reason of Defendant's refusal to pay the unpaid overtime due to Plaintiff, it has been necessary for Plaintiff to hire the undersigned Attorneys to prosecute this case and is entitled to an award of her reasonable attorney's fees and costs. The FLSA mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

32. As a result of the underpayment of wages alleged above, Defendants are indebted to the Plaintiff in the amount of unpaid overtime compensation plus and an equal amount in liquidated damages. Plaintiff proposes to obtain the necessary records and information to determine the amount of underpayment to Plaintiff by appropriate discovery proceeding to be promptly taken in this cause.

**WHEREFORE**, Plaintiff and the other similarly situated employees demand judgment for back pay, including overtime pay, pre-judgment interest, liquidated damages, reasonable attorney's fees and costs and any other relief deemed appropriate.

### COUNT III - VIOLATION OF THE FAIR LABOR STANDARDS ACT BY MILDRED MARISOL BARDALES OCHOA

33. Plaintiff hereby incorporates the preceding paragraphs one (1) through seven (7) above.

34. MILDRED MARISOL BARDALES OCHOA was an employee of Defendants, MINT CENTER LLC and MINT DESIGN LLC, from approximately June of 2019 through January of 2023 as an esthetician.

35. Plaintiff was not an exempt employee pursuant to the overtime provisions of the Act during her employment with the Defendants.

36. At all material times Defendants, MINT CENTER LLC and MINT DESIGN LLC, were Plaintiff's employers who were non-exempt from the overtime provisions of the Act.

37. At all material times Plaintiff was engaged in commerce within the meaning of Section 3(b), 6(a) and 7(a) of the Act (29 U.S.C. § 203 (b), 206(a), 207(a)).

38. At all material times Defendants, MINT CENTER LLC and MINT DESIGN LLC, were engaged in commerce within the meaning of Section 3(b), 6(a) and 7(a) of the Act (29 U.S.C. § 203 (b), 206(a), 207(a)) and had an annual gross volume of $500,000 in sales for the relevant time period.

39. Plaintiff, MILDRED MARISOL BARDALES OCHOA, and all similarly situated employees often worked more than forty (40) hours per week.

40. However, Defendants refused to compensate Plaintiff and the other similarly situated employees for work in excess of forty (40) hours at rates no less than one and one-half time the regular rates at which they were employed, contrary to the provisions of Section 7(a) of the Act (29 U.S.C. § 207(a)).

41. From January of 2020 through January of 2023 Plaintiff, MILDRED MARISOL BARDALES OCHOA, worked approximately 3,120 hours of overtime for which she was either not fully compensated or not compensated at all. Plaintiff MILDRED MARISOL BARDALES OCHOA is owed approximately $15,600 in back overtime pay plus an equal amount as liquidated damages totaling $31,200.

42. Defendants willfully and intentionally refused to pay Plaintiff and the other similarly situated employees overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act.

43. By reason of Defendant's refusal to pay the unpaid overtime due to Plaintiff, it has been necessary for Plaintiff to hire the undersigned Attorneys to prosecute this case and is entitled

to an award of her reasonable attorney's fees and costs. The FLSA mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

44. As a result of the underpayment of wages alleged above, Defendants are indebted to the Plaintiff in the amount of unpaid overtime compensation plus and an equal amount in liquidated damages.  Plaintiff proposes to obtain the necessary records and information to determine the amount of underpayment to Plaintiff by appropriate discovery proceeding to be promptly taken in this cause.

**WHEREFORE**, Plaintiff and the other similarly situated employees demand judgment for back pay, including overtime pay, pre-judgment interest, liquidated damages, reasonable attorney's fees and costs and any other relief deemed appropriate.

### COUNT IV - VIOLATION OF THE FAIR LABOR STANDARDS ACT BY JEIMY PAOLA ESPINOZA

45. Plaintiff hereby incorporates the preceding paragraphs one (1) through seven (7) above.

46. JEIMY PAOLA ESPINOZA was an employee of Defendants, MINT CENTER LLC and MINT DESIGN LLC, from approximately May of 2022 through December of 2022 as an esthetician.

47. Plaintiff was not an exempt employee pursuant to the overtime provisions of the Act during her employment with the Defendants.

48. At all material times Defendants, MINT CENTER LLC and MINT DESIGN LLC, were Plaintiff's employers who were non-exempt from the overtime provisions of the Act.

49. At all material times Plaintiff was engaged in commerce within the meaning of Section 3(b), 6(a) and 7(a) of the Act (29 U.S.C. § 203 (b), 206(a), 207(a)).

50. At all material times Defendants, MINT CENTER LLC and MINT DESIGN LLC, were engaged in commerce within the meaning of Section 3(b), 6(a) and 7(a) of the Act (29 U.S.C. § 203 (b), 206(a), 207(a)) and had an annual gross volume of $500,000 in sales for the relevant time period.

51. Plaintiff, JEIMY PAOLA ESPINOZA, and all similarly situated employees often worked more than forty (40) hours per week.

52. However, Defendants refused to compensate Plaintiff and the other similarly situated employees for work in excess of forty (40) hours at rates no less than one and one-half time the regular rates at which they were employed, contrary to the provisions of Section 7(a) of the Act (29 U.S.C. § 207(a)).

53. From May of 2022 through December of 2022 Plaintiff, JEIMY PAOLA ESPINOZA, worked approximately 805 hours of overtime for which she was either not fully compensated or not compensated at all. Plaintiff JEIMY PAOLA ESPINOZA is owed approximately $4,025.00 in back overtime pay plus an equal amount as liquidated damages totaling $8,050.00.

54. Defendants willfully and intentionally refused to pay Plaintiff and the other similarly situated employees overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act.

55. By reason of Defendant's refusal to pay the unpaid overtime due to Plaintiff, it has been necessary for Plaintiff to hire the undersigned Attorneys to prosecute this case and is entitled to an award of her reasonable attorney's fees and costs. The FLSA mandates that in any action

brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

56. As a result of the underpayment of wages alleged above, Defendants are indebted to the Plaintiff in the amount of unpaid overtime compensation plus and an equal amount in liquidated damages.  Plaintiff proposes to obtain the necessary records and information to determine the amount of underpayment to Plaintiff by appropriate discovery proceeding to be promptly taken in this cause.

**WHEREFORE**, Plaintiff and the other similarly situated employees demand judgment for back pay, including overtime pay, pre-judgment interest, liquidated damages, reasonable attorney's fees and costs and any other relief deemed appropriate.

### COUNT V -VIOLATION OF THE FAIR LABOR STANDARDS ACT BY ANA MARIA PENAGOS

57. Plaintiff hereby incorporates the preceding paragraphs one (1) through seven (7) above.

58. Plaintiff ANA MARIA PENAGOS was an employee of Defendants, MINT CENTER LLC and MINT DESIGN LLC, from approximately March 2023 through April of 2023 as an esthetician with a regular rate of pay of $10.00 per hour.

59. Plaintiff worked approximately 112.19 hours for which was not paid at least minimum wages, in fact, she was not paid at all.  Furthermore, Plaintiff did not receive all or part of her gratuity.

60. Plaintiff was not an exempt employee pursuant to the provisions of the Act during her employment with the Defendants.

61. At all material times Defendants, MINT CENTER LLC and MINT DESIGN LLC, were Plaintiff's employers who were non-exempt from the overtime provisions of the Act.

62. At all material times Plaintiff was engaged in commerce within the meaning of Section 3(b), 6(a) and 7(a) of the Act (29 U.S.C. § 203 (b), 206(a), 207(a)).

63. At all material times Defendants, MINT CENTER LLC and MINT DESIGN LLC, were engaged in commerce within the meaning of Section 3(b), 6(a) and 7(a) of the Act (29 U.S.C. § 203 (b), 206(a), 207(a)) and had an annual gross volume of $500,000 in sales for the relevant time period.

64. Defendants willfully and intentionally refused to pay Plaintiff wages as required by the Fair Labor Standards Act as Defendants knew of the wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act.

65. By reason of Defendant's refusal to pay the unpaid wages due to Plaintiff, it has been necessary for Plaintiff to hire the undersigned Attorneys to prosecute this case and is entitled to an award of her reasonable attorney's fees and costs. The FLSA mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

66. As a result of the failure to pay the wages alleged above, Defendants are indebted to the Plaintiff in the amount of unpaid wages plus and an equal amount in liquidated damages. Plaintiff proposes to obtain the necessary records and information to determine the amount of the unpaid wages to Plaintiff by appropriate discovery proceeding to be promptly taken in this cause.

**WHEREFORE**, Plaintiff and the other similarly situated employees demand judgment for back pay, including overtime pay, pre-judgment interest, liquidated damages, reasonable attorney's fees and costs and any other relief deemed appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury for all issues so triable.

Respectfully submitted on this 27 day of July, 2023

By:/s/ Brian Yosef_____<br>
Brian Yosef, Esq.<br>
Florida Bar No. 31179<br>
ISRIEL PONZOLI, P.A.<br>
2121 SW 3rd Avenue, 7th Floor<br>
Miami, Florida 33129<br>
Telephone: (305) 577-4800<br>
Facsimile: (305) 577-4808<br>
Email: byosef@ips-law.com<br>
<em>Attorney for Plaintiff</em>

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of July, 2023 a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of Court which sent e-mail notification of such filing to all CM/ECF participants in this case, and a copy was forwarded via e-mail to:

| | |
|---|---|
| Richard J. Diaz, Esq.<br>Florida Bar No.: 0767697<br>RICHARD J. DIAZ, P.A.<br>3127 Ponce de Leon Blvd.<br>Coral Gables, FL 33134<br>Tel.: (305) 444-7181<br>Email: rick@rjdpa.com | Lowell J. Kuvin, Esq.<br>Florida Bar No. 53072<br>Law Office of Lowell J. Kuvin<br>17 East Flagler Street, Suite 223<br>Miami, FL 33131<br>Tel: (305) 358-6800<br>Email: lowell@kuvin.law |

By:/s/ Brian Yosef_____<br>
Brian Yosef, Esq.<br>
Florida Bar No. 31179