UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 23-cv-21530-JB

GUADALUPE SUAZO DE ORDONEZ,
and other similarly situated individuals,

      Plaintiffs,

v.

MINT CENTER LLC., d/b/a MINT
WELLNESS CENTER MIAMI and
MINT DESIGN LLC,

      Defendants.

_____/

## ORDER MEMORIALIZING APPROVAL OF FLSA SETTLEMENT

**THIS CAUSE** came before the Court following the Parties' Consent to U.S. Magistrate Judge Jacqueline Becerra, wherein the Parties elected to proceed before the undersigned. ECF No. [45]. The Honorable Rodolfo A. Ruiz II, United States District Judge, referred this matter to the undersigned for all further proceedings. ECF No. [46].

On July 31, 2023, at a settlement conference conducted by the undersigned (the "Settlement Conference"), the Parties reached a resolution of this action with respect to the amount of damages to be paid by Defendants to the Plaintiffs and Plaintiffs' entitlement to attorneys' fees and costs (the "Settlement Agreement"). ECF No. [42], [43]. The Parties placed the material terms of the Settlement Agreement on the Court record. *Id.* Thereafter, the undersigned held a hearing (the "Fairness Hearing") to determine the fairness of the Parties' Settlement Agreement under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"). For the reasons stated at the Fairness

1

Hearing, and as set forth below, the Court hereby **APPROVES** the settlement of Plaintiffs' FLSA claim pursuant to the Settlement Agreement.

On March 15, 2023, Plaintiffs, Guadalupe Suazo de Ordonez and all similarly situated individuals filed a Complaint in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against Defendants, Mint Center LLC, d/b/a Mint Wellness Center Miami and Mint Design LLC (the "Complaint"). ECF No. [1-1]. The Complaint asserted one claim against both Defendants under the FLSA for failure to pay overtime compensation. *Id.* On April 24, 2023, Defendants filed a Notice of Removal to Federal Court. ECF No. [1].

The FLSA requires judicial review and the Court's determination that a settlement agreement "is a fair and reasonable resolution of a bona fide [FLSA] dispute[.]" *Silva v. Miller*, 307 F. App'x. 349, 351 (11th Cir. 2009). If a settlement reflects a reasonable compromise over FLSA issues that are in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

The following factors are typically considered when determining whether a settlement is fair and reasonable: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, No. 10-1805, 2012 WL 570060, at *2 (M.D. Fla. Feb. 17, 2012) (citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. Apr. 19, 2010). The Court's review also includes a "review of the reasonableness of counsel's legal fees to assure both that counsel is

compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva*, 307 F. App'x. at 351.

Here, at the conclusion of the Settlement Conference, the Parties entered into a Settlement Agreement with respect to the amount of damages to be paid by Defendants to the Plaintiffs and Plaintiffs' entitlement to attorneys' fees and costs. ECF Nos. [42], [43]. At the Fairness Hearing, the material terms of the Settlement Agreement were presented on the Court record. *Id.* The Parties could not come to an agreement regarding the amount of attorneys' fees and costs to be awarded to Plaintiffs. Thus, Plaintiff will file its motion pursuant to the Local Rules. With respect to the Settlement Agreement, for the reasons stated on the record, the undersigned concludes that the resolution reached by the Parties is a fair and reasonable compromise of Plaintiffs' FLSA claim.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Parties' Settlement Agreement is **APPROVED**. The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

**DONE AND ORDERED** in Chambers in Miami, Florida on October 16, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**