UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-21530-RAR

**GUADALUPE SUAZO DE ORDONEZ,**
**JOSSELIN PAOLA BANEGAS BARDALES,**
**MILDRED MARISOL BARDALES OCHOA,**
**JEIMY PAOLA ESPINOZA**
**ANA MARIA PENAGOS,**
and all similarly situated individuals,

      Plaintiffs,

v.

**MINT CENTER LLC**, d/b/a
MINT WELLNESS CENTER MIAMI,
A Florida Limited Liability Company and
**MINT DESIGN LLC**, A Florida Limited
Liability Company

      Defendants.
_____/

## PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ENTRY OF A FINAL JUDGMENT

      **COMES NOW** Plaintiffs, by and through their undersigned counsel, hereby file their Motion to Enforce Settlement Agreement and Entry of a Final Judgment and states as follows:

1. On July 31, 2023, the Parties attended a settlement conference with Magistrate Judge Becerra [ECF No. 42] wherein a settlement was reached as to the damages to be paid to the Plaintiffs. As part of the settlement the Defendants agreed and stipulated to the Plaintiffs' entitlement to their reasonable attorney's fees and costs.  However, the Parties were not able to reach an agreement as to the amount of the reasonable attorney's fees and costs. Defendants then issued payment for the approved FLSA settlement.

2. On October 16, 2023, Magistrate Judge Becerra entered an Order Memorializing Approval of the FLSA Settlement [ECF No. 47] and reserving Jurisdiction to enforce the settlement. The

Court also noted that the Plaintiffs will file a motion for the determination of the reasonable

Attorney's fees and costs under the local rules.

3.  The Parties ultimately reached an agreement as to the amount of the Plaintiffs' reasonable

attorney's fees and costs.

4.  On December 5, 2023, the Plaintiffs filed the Notice of Settlement [ECF No. 48] and the Joint

Motion for Approval of Settlement of Attorney's Fees and Costs with the Stipulation for

Settlement attached. [ECF No. 49].   The Parties agreed that the Defendants shall pay

$15,000.00 for the Plaintiffs' reasonable attorney's fees and costs. *(Please see the stipulation*

*for settlement attached as exhibit "A").*

5.  The Joint Motion for Approval of Settlement of Attorney's Fees and Costs and the attached

stipulation for Settlement specifically requested that the Court retain jurisdiction to enforce

the settlement.

6.  On or about December 8, 2023, [ECF No. 50] the Court entered an Order of Dismissal with

Prejudice granting the Joint Motion for Approval of Settlement of Attorney's Fees and Costs

and entering Judgment in favor of the Plaintiffs for the amount of $15,000.00.

7.  Pursuant to the Parties Agreement, the Defendants were to pay $2,500.00 per month, for six

(6) months, beginning on January 1, 2024.  Payment was due on the 1st of each month.

8.  Defendants made two (2) payments, but defaulted on the remaining payments due March,

April, and May.

9.  Paragraph five (5) of the stipulation for Settlement states:

Should the Defendants fail to make any payment as listed above, the Defendants consent to
the **immediate entry of Final Judgment for the full amount of $15,000.00  (less payments
actually received)**, together with pre-judgment interest, attorney's fees and court costs,
**without further notice or hearing, upon the filing of an Affidavit of Non-Payment.**
Plaintiff shall serve a courtesy copy of the Affidavit of Non-Payment on the Defendant's
counsel by e-mail; however serving a courtesy copy of the Affidavit of Non-payment shall
not be deemed a condition precedent for the immediate entry of Final Judgment. In addition,
should the Defendants default in the payments due hereunder, **Defendants shall be liable for**

**all attorney's fees and Court costs required to obtain a Final Judgment and to collect the amounts due, including all post-judgment collection attorney's fees and costs**. (Emphasis added).

10. In further support of this motion, Plaintiffs rely on the pleadings of record, Plaintiffs' Affidavit of Non-payment, and such other pleadings and affidavits as may be timely filed.

## MEMORANDUM OF LAW

A district court has the authority to enforce a settlement agreement if it retained jurisdiction to enforce the settlement in an order dismissing the case with prejudice. See *Manriquez v. Manuel Diaz Farms, Inc.* 2002 WL 1050331, *2 (S.D.Fla. 2002)(citing *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 381-82, 114 S. Ct. 1673, 1677 (1994)). In *Kokkonen*, the dismissal order did not reference the Settlement Agreement or reserve jurisdiction to enforce it. Although the Court held that the district court did not retain jurisdiction, it specifically directed the opposite result:

> The situation would be quite different if the parties' obligation to comply with the terms of the Settlement Agreement had been made part of the order of dismissal – either by separate provision (such as a provision "retaining jurisdiction" over the Settlement Agreement) or by incorporating the terms of the Settlement Agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

Id. at 381, 114 S. Ct. at 1677.

The court can also enforce a settlement agreement, even in the absence of a formal consent decree, if it incorporates the terms of the settlement into its final order of dismissal. *American Disability Association, Inc., v. Chmielarz*, 289 F.3d 1315, 1320(11th Cir. 2002)("If the district court either incorporates the terms of the settlement into its final order of dismissal or expressly retains jurisdiction to enforce the settlement, it may therefore enforce the terms of the parties' agreement."). See also *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th

Cir. 2000)(recognizing the district court's approval of a settlement and its retention of enforcement authority).

In this case, the Joint Motion for Approval of Settlement of Attorney's Fees and Costs and the Stipulation for Settlement expressly provided for retention of jurisdiction, and the Court's Order dismissing the claims against the Defendants with prejudice granted the same. The Courts Order further stated that "Judgement in favor of Plaintiffs shall be entered in the amount of $15,000.00." Because the Settlement Agreement is complete, and there are no factual disputes as to the terms of the settlement, this Court may summarily enforce it without an evidentiary hearing. See *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483,1486 (11th Cir. 1994)(district courts may summarily enforce completed settlement agreements without an evidentiary hearing); *Ford v. Citizens & Southern Nat'l Bank*, 928 F.2d 1118, 1121-1122 (11th Cir. 1991)(district court have inherent authority to summarily enforce settlement agreement); *South Beach Suncare, Inc. v. Sea & Ski Corp.*, 1999 U.S. Dist. LEXIS 7902, 18-19 (S.D. Fla. 1999)(citing Murchison and recognizing that under certain circumstances a district court may summarily enforce a settlement agreement).

The Settlement Agreement is the product of lengthy, tedious negotiations both at mediation and settlement negotiations thereafter. The Settlement Agreement was adopted and fully executed by both parties in return for the Plaintiffs voluntarily dismissing their claims with prejudice against the Defendants. Because the Settlement Agreement is a fully completed document and there are no factual disputes regarding its terms, this Court should summarily enforce the parties' agreement without holding an evidentiary hearing.

The enforcement of settlement agreements is governed by the contract law of the state jurisdiction in which the agreement is made. See *Schwartz v. Florida Board of Regents, et al.*, 807 F.2d 901 (11th Cir. 1987)(construction and enforcement of a settlement agreement is

governed by Florida's general contract law). There is no basis under Florida law for not enforcing the Settlement Agreement. Under Florida law, "settlements are highly favored and will be enforced whenever possible." *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985).

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an Order granting this Motion and entering Final Judgment in favor of the Plaintiffs $10,000.00, and entitlement to pre and post judgment interest and attorney's fees and costs.

Respectfully submitted on this 20th day of May, 2024.

By:/s/ Brian Yosef_____
Brian Yosef, Esq.
Florida Bar No. 31179
ISRIEL PONZOLI, P.A.
2121 SW 3rd Avenue, 7th Floor
Miami, Florida 33129
Telephone: (305) 577-4800
Facsimile:  (305) 577-4808
Email: byosef@isrielponzoli.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 20th day of May, 2024 a true and correct copy of the foregoing was served via e-mail  to opposing counsels and also filed via electronic filing using the CM/ECF system with the Clerk of Court which sent e-mail notification of such filing to all CM/ECF participants in this case, and a copy was forwarded via  e-mail to:

RICHARD J. DIAZ, P.A.
3127 Ponce de Leon Blvd.
Coral Gables, FL 33134
Tel.: (305) 444-7181
Email: rick@rjdpa.com
Attorney for Defendants

LAW OFFICE OF LOWELL J. KUVIN
17 East Flagler St. Suite 223
Miami Florida 33131
Tele: (305) 358-6800
Email: lowell@kuvin.law
Attorney for Defendants

By:/s/ Brian Yosef_____
Brian Yosef, Esq.
Florida Bar No. 31179

# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-CV-21530-RAR**

**GUADALUPE SUAZO DE ORDONEZ**
**JOSSELIN PAOLA BANEGAS BARDALES,**
**MILDRED MARISOL BARDALES OCHOA,**
**JEIMY PAOLA ESPINOZA,**
**ANA MARIA PENAGOS,**
and all similarly situated individuals,

   Plaintiff,

v.

**MINT CENTER LLC**, d/b/a
MINT WELLNESS CENTER MIAMI,
A Florida Limited Liability Company and
**MINT DESIGN LLC**, A Florida Limited
Liability Company

   Defendants.

_____/

## STIPULATION FOR SETTLEMENT FOR ATTRONEY'S FEES AND COSTS

   **COMES NOW** Plaintiffs, **GUADALUPE SUAZO DE ORDONEZ, JOSSELIN PAOLA BANEGAS BARDALES, MILDRED MARISOL BARDALES OCHOA, JEIMY PAOLA ESPINOZA**, **ANA MARIA PENAGOS**, and Defendants, **MINT CENTER LLC and MINT DESIGN LLC,** and hereby enter into the following Stipulation for Settlement in resolution of the above styled case, and settlement between the parties as to Attorney's fees and costs and state as follows:

1. The Defendants agree to pay the Plaintiffs the total amount of **$15,000.00** representing Plaintiffs' attorney's fees and costs.

2. Payment shall be made payable to the **Isriel Ponzoli Trust** and sent via wire transfer. The wire information shall be sent under a separate cover.

3. The above amount shall be paid at a minimum of $2,500.00 per month for six (6) months beginning January 1, 2024. Payment is due on the 1st of each month.

4. Should the Defendants make the payments above in the time frame provided herein above, the Plaintiffs shall file a *Voluntary Dismissal with Prejudice* in this cause.

5. Should the Defendants fail to make any payment as listed above, the Defendants consent to

the immediate entry of Final Judgment for the full amount of **$15,000.00** **(less payments actually received)**, together with pre-judgment interest, attorney's fees and court costs, **without further notice or hearing**, upon the filing of an Affidavit of Non-Payment. Plaintiff shall serve a courtesy copy of the Affidavit of Non-Payment on the Defendant's counsel by e-mail; however serving a courtesy copy of the Affidavit of Non-payment shall <u>not</u> be deemed a condition precedent for the immediate entry of Final Judgment. In addition, should the Defendants default in the payments due hereunder, Defendants shall be liable for all attorney's fees and Court costs required to obtain a Final Judgment and to collect the amounts due, including all post-judgment collection attorney's fees and costs.

6.   In the event of default, interest shall accrue at 18% per annum (1.5% per month) on any amounts outstanding.

7.   There are no considerations, promises, warranties, or other understandings of any description of the Parties that are not expressly set forth in this Settlement Agreement, and the Parties agree that this Settlement Agreement contained the integrated whole of all agreements and understandings upon any and every subject between the Parties.  The Parties have consulted with counsel of their own choosing concerning the meaning and import of this Settlement Agreement and are executing this Settlement Agreement on the advice of counsel, or they have voluntarily and knowingly waived that opportunity and are proceeding on their own volition.

8.   The Court shall retain Jurisdiction to enforce the terms of this Agreement.

Agreed & Accepted:

**MINT CENTER LLC.**

By: *Ma Paula Christiansen*

Maria Paula Christiansen   Owner
*Print Name*                 *Title*

Date: 12/4/23

**MINT DESIGN LLC**

By: *Ma Paula Christiansen*

Maria Paula Christiansen   Owner
*Print Name*                 *Title*

Date: 12/4/23