UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-21530-RAR

**GUADALUPE SUAZO DE ORDONEZ,** *et al.*,
*and all similarly situated individuals*,

    Plaintiffs,

v.

**MINT CENTER LLC**,
*d/b/a Mint Wellness Center Miami*, *et al.*,

    Defendants.
_____/

**ORDER GRANTING MOTION TO ENFORCE
SETTLEMENT AND ENTERING FINAL JUDGMENT**

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion to Enforce Settlement and Entry of a Final Judgment ("Motion"), [EFC No. 51], filed on May 20, 2024. The Court having considered the Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion, [ECF No. 51], is **GRANTED** and Final Judgment is **ENTERED** in Plaintiffs' favor as discussed herein.

**BACKGROUND**

On July 31, 2023, the parties attended a settlement conference with then-Magistrate Judge Becerra, [ECF No. 42], in which they reached a settlement as to damages owed to the Plaintiffs pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. The parties also agreed upon Plaintiffs' entitlement to attorney's fees and costs, though they did not initially agree upon the amount of those fees and costs. [ECF No. 47] at 3. On October 16, 2023, Judge Becerra entered an Order Memorializing Approval of the FLSA Settlement, [ECF No. 47], in which the court expressly reserved jurisdiction to enforce the parties' settlement. *Id.* at 3. Subsequently, the

parties agreed upon and stipulated to the amount of attorney's fees and costs to which Plaintiffs were entitled. [ECF Nos. 48–49]. Accordingly, on December 5, 2023, the Plaintiffs filed the Notice of Settlement, [ECF No. 48], and a Joint Motion for Approval of Settlement of Attorney's Fees and Costs, [ECF No. 49], with a Stipulation for Settlement attached as Exhibit A ("Settlement Agreement"), [ECF No. 49] at 10–11.

On December 8, 2023, Judge Becerra entered an Order of Dismissal with Prejudice ("Dismissal Order"), [ECF No. 50], granting the Joint Motion for Approval of Settlement of Attorney's Fees and Costs and entering judgment in favor of the Plaintiffs in the amount of $15,000.00. Dismissal Order at 2. Pursuant to the Settlement Agreement, the Defendants were to pay $2,500.00 per month, for six (6) months, beginning on January 1, 2024. *See* Settlement Agreement. Payment was due on the 1st of each month. *Id.* The Settlement Agreement also provided that: "Should the Defendants fail to make any payment as listed above, the Defendants consent to the immediate entry of Final Judgment for the full amount of $15,000.00 (less payments actually received), together with pre-judgment interest, attorney's fees and court costs, without further notice or hearing, upon the filing of an Affidavit of Non-Payment." *Id.*

By the instant Motion, Plaintiffs seek entry of judgment for $10,000, stating in support that "Defendants made two (2) payments [of $2,500 each], but defaulted on the remaining payments due March, April, and May." Mot. at 2. Plaintiffs' counsel has also attached an Affidavit of Non-Payment ("Affidavit"), [ECF No. 51-1] at 3–4.

## ANALYSIS

"[I]f the district court either incorporates the terms of the settlement into its final order of dismissal *or* expressly retains jurisdiction to enforce the settlement, it may thereafter enforce the terms of the parties' agreement." *American Disability Association, Inc. v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir. 2002) (emphasis in original); *see also Resnick v. Uccello Immobilien GMBH*,

*Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000) (citing *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375 (1994) and affirming the district court's retention of jurisdiction over and enforcement of settlement agreement at issue).  Where there is no dispute of material fact concerning the existence or terms of a settlement agreement or concerning the authority of the attorney to enter into a settlement agreement on behalf of a client, courts may summarily enforce the terms of a settlement without an evidentiary hearing.  *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994). "Whether the court may summarily enforce such an agreement or should conduct an evidentiary hearing on the disputed issues depends upon the nature of the dispute."  *Id.* (citing *Dankese v. Defense Logistics Agency*, 693 F.2d 13, 15–16 (1st Cir. 1982)).

Here, Judge Becerra's October 16, 2023 Order Memorializing Approval of the FLSA Settlement expressly stated that the Court would retain jurisdiction to enforce the Settlement Agreement.  [ECF No. 47] at 3.  The December 8, 2023 Dismissal Order also entered "[j]udgment in favor of Plaintiffs . . . in the amount of $15,000.00."  Dismissal Order at 2.  And the parties further agreed in their Settlement Agreement that in the event of non-payment, "Defendants consent to the immediate entry of Final Judgment for the full amount of $15,000.00 (less payments actually received), together with pre-judgment interest, attorney's fees and court costs, without further notice or hearing, upon the filing of an Affidavit of Non-Payment."

Because (1) the Court properly retained jurisdiction to enforce the Settlement Agreement prior to entering its Dismissal Order; (2) there appears to be no factual dispute as to the terms of the Settlement Agreement or the attorneys' authority to enter into it; and (3) Plaintiffs have submitted the requisite Affidavit of Non-Payment per the terms of the Settlement Agreement, the Court may summarily enforce this Settlement Agreement without a hearing.  Accordingly, it is

**ORDERED and ADJUDGED** as follows:

1. Plaintiffs' Motion to Enforce Settlement and Entry of a Final Judgment, [EFC No. 51], is **GRANTED**.

2. Final Judgment is hereby **ENTERED** in the amount of $10,000.00 ($15,000 less received payments of $5,000) in favor of Plaintiffs.

3. Plaintiffs are further entitled to pre and post judgment interest and reasonable attorney's fees and costs incurred against Defendants Mint Center LLC and Mint Design LLC, including attorney's fees and costs incurred to obtain this Final Judgment and to collect outstanding amounts due as agreed upon in the Settlement Agreement.

4. The Court reserves jurisdiction to determine the amount of pre and post judgment interest and Plaintiffs' attorney's fees and costs incurred in enforcing this Order and Final Judgment.

**DONE AND ORDERED** in Miami, Florida, this 24th day of May, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**